UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN NORRIS,
    Plaintiff,

vs.            14-1176

ILLINOIS DEPARTMENT OF CORRECTIONS, et.al.,
    Defendants.

MERIT REVIEW OPINION

    This cause is before the court for merit review or the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff alleges twelve Defendants violated his constitutional rights at Hill Correctional Center including: the Illinois Department of Corrections, Hill Correctional Center, Librarian Trina Peed, Adjustment Committee Member Bradley Livingston, Officer Clifford Sangster, Officer Barbara King, Assistant Warden Gossett, Grievance Officer Lyle Hawkinson, Grievance Officer Steve Gans, Administrative Review Board Member Gina Allen, Illinois Department of Corrections Director (IDOC) Salvador Godinez and Warden Joseph Yurkovich.

    The Plaintiff alleges Librarian Peed made mistakes while making legal copies for him, so he filed a grievance concerning the poor quality of her work.  The Plaintiff says Defendant Peed responded by launching a campaign of retaliation against him.  For instance, the Plaintiff alleges the Defendant would not allow him to go to the law library on various occasions, even though he needed to prepare for upcoming disciplinary hearings.  While the Plaintiff has stated a retaliation claim, he has not articulated a claim based on the sporadic denial of law library time alone.

    Prisoners have a constitutional right only to "meaningful" access to the courts. *Bounds v Smith,* 430 U.S. 817 (1977).  They are not entitled to "total or unlimited access" to a law library or even "direct" access to a law library. *Brooks v Buscher*, 62 F.3d 176, 179-180(7th Cir. 1995).  In addition, an inmate may prevail on a right-of-access claim only if the official actions at issue "hindered his efforts to pursue a legal claim." *Lewis v Casey,* 518 U.S. 343, 351 (1996). "[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v Harbury*, 53 U.S. 430, 414-15 (2002).  Therefore, the Plaintiff's wish to research for his upcoming disciplinary hearing does not state a claim based on the limited constitutional right of access to the courts.

    The Plaintiff next alleges Defendant Peed wrote two false and retaliatory disciplinary tickets against him on February 2, 2012 and February 16, 2012.  On each occasion, the Plaintiff

says Adjustment Committee members failed to interview his listed witnesses and did not receive his "exonerating information" prior to the hearing. (Comp., p. 8, 11). After the first hearing, Defendants Livingston and King found the Plaintiff guilty and he received three months c grade status and three months commissary and yard restriction. In the second hearing, the Plaintiff says Defendants Livingston and Sangster found him guilty of the alleged offenses and he received three months c grade status, three months in segregation and a disciplinary transfer.

The Plaintiff claims the Defendants violated his due process rights, but he has failed to state a claim. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). The Plaintiff has not met the first requirement because he has no liberty interest in the discipline imposed. *Whitford v. Boglino,* 63 F.3d 527, 533 FN 7 (7th Cir. 1995); (demotion to C-grade for six months does not implicate federal due process rights); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir.1997) (two weeks denial of commissary privileges does not implicate liberty interest); *Townsend v Fuchs,* 522 F.3d 765, 766, 772 (7th Cir. 2008)(holding that "inmates have no liberty interest in avoiding placement in disciplinary segregation," in this case for 59 days); *Hoskins v Lenear*, 395 F.3d. 372, 374-75 (7th Cir. 2005)(holding that the punishments the plaintiff suffered because of disciplinary conviction-demotion in status, 60 days in segregation and transfer-raise no due process concerns).

The Plaintiff says he filed numerous grievances after every incident. A few were answered, but many were "mishandled, elusively not answered and answered months late." (Comp., p. 9). The Plaintiff admits appealing some grievances to the Administrative Review Board in July of 2012, but says he received no response to his appeals. (Comp, p. 9, 12). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Perales v Bowlin,* 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983); *Wilkins v. Illinois Dept. of Corrections,* 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.") Consequently, Plaintiff has failed to articulate a constitutional claim against Defendants Hawkinson, Gans, Allen, Godinez, Yurkovich or any other Defendant based on a mishandling of Plaintiff's grievances.

The Plaintiff mentions conspiracy several times in his complaint. "While § 1983 conspiracy claims need not be pled with particularity under Rule 9(b), mere suspicion or bare allegations that persons have conspired against the plaintiff are not enough." *Williams v Farmer*, 2013 WL 1156426 at 6 (N.D. Ill. March 20, 2013)(*internal citations omitted); see also Evers v Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001)("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden."). "Even *pro se* litigants, whose

complaints are construed liberally, must plead 'something in the way of facts' in order to state a claim." *Williams*, 2013 WL 1156426 at 6 *citing Tarkowski v Robert Bartless Realty Co*, 644 F.2d 1204, 1208 (7th Cir. 1980). Therefore, the Plaintiff has not clearly articulated a conspiracy claim.

The Plaintiff's complaint also includes a list of potential claims, but has failed to adequately state any other federal or state law claims. For instance, it is insufficient to simply list a federal statute or "conspiracy, conspiracy to retaliate" or "failure to supervise, failure to train." (Comp, p. 1, 13). In addition, since the Plaintiff has failed to adequately allege an official capacity claim, the court will dismiss Defendant Illinois Department of Corrections. The Plaintiff also may not sue a building pursuant to §1983 and therefore the court will dismiss Defendant Hill Correctional Center.

The Plaintiff has alleged one claim that Defendant Peed retaliated against him for filing grievances when she denied him time in the law library. *See Zimmerman v Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)( allowing retaliation claim for denial of law library access because "otherwise permissible conduct can become impermissible when done for retaliatory reasons"). The Plaintiff will need to clarify how often he was denied law library time. In addition, the court notes it is possible the Plaintiff's claim may be barred by the two year state of limitations period. However, based on the Plaintiff's claims concerning his problems with the grievance system, it is not clear from the face of the complaint and is an issue which is better addressed in a motion for summary judgment. *See Johnson v Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)("in the ordinary case, a federal court relying on the Illinois statute of limitations in a §1983 case must toll the limitations period while a prisoner completes the administrative grievance process).

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Peed violated his First Amendment rights when she retaliated against the Plaintiff for filing grievances. The claim is stated against the Defendant in her individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

> 2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

> 3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Trina Peed; 2) Attempt service on Defendants pursuant to the standard procedures; and, 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 27th day of June, 2014.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE